# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CONRAD HIBBERT and SALLY DULANY VINCENT,
Individually and as Personal Representatives of
JAMES HIBBERT, Deceased, and as Personal
Representatives of the Statutory Wrongful Death
Beneficiaries of JAMES HIBBERT, Deceased,

       Plaintiffs,

  vs.                                                                                                                                                                No. CIV 99-0582 JC/RLP

J. W. REDIKER,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Having reviewed the pleadings filed in this case and the applicable law, I conclude, *sua sponte*, that I lack subject matter jurisdiction over this cause.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988), *cert. denied*, 489 U.S. 1080 (1989) (quoting FED. R. CIV. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof to establish jurisdiction with a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Courts must look to the face of the complaint in order to decide whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

In this case, Plaintiffs allege diversity jurisdiction under 28 U.S.C. § 1332. Complaint for Damages for Wrongful Death and Loss of Consortium (Complaint) at ¶ 3, filed May 24, 1999 *(Doc. 1)*. The Complaint states that "the matter in controversy herein, as described below exceeds the sum of fifty thousand dollars, exclusive of interest and costs." *Id*. In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. In *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims . . . . Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

Here, Plaintiffs' Complaint fails to allege diversity jurisdiction for two reasons. First, the Complaint does not allege that the amount in controversy exceeds $75,000. Second, similar to the situation in *Laughlin*, the Complaint fails to specify the amount of damages sought. The Complaint merely states that the amount in controversy exceeds $50,000. For these reasons, I find that Plaintiffs failed to carry their burden of establishing diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction. However, in the interests of justice, fairness and judicial economy, the Court can provide Plaintiff with an opportunity to cure such pleading defects, if possible. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Therefore, Plaintiffs will be given the opportunity to file an amended complaint to properly meet the jurisdictional requirements of diversity.

Wherefore,

IT IS ORDERED that ten days from the filing of this Memorandum Opinion and Order, Plaintiffs shall amend their Complaint to comply with the amount in controversy requirement for diversity jurisdiction. Failure to comply with this order to amend the Complaint shall result in dismissal of this cause without prejudice.

DATED this 25th day of August, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| For Plaintiffs: | J. Monty Stevens<br>Stevens & Associates<br>El Paso, Texas |
| For Defendant: | Leonard J. Piazza<br>Thomas A. Sandenaw, Jr.<br>Sandenaw, Carrillo & Piazza, P.C.<br>Las Cruces, New Mexico |